# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  ROBERT H. BRAVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 5:22-cv-00710-R |
| | ) |
| 1.  CLEAR SKY FINANCIAL, LLC, a Florida | ) |
| Limited Liability Company, | ) |
| 2.  CM SOLUTIONS, an unregistered entity, | ) |
| 3.  ANTHONY FRANCISCO, an individual, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS CLEAR SKY FINANCIAL AND ANTHONY FRANCISCO'S MOTION TO DISMISS WITH BRIEF IN SUPPORT**

Comes now Plaintiff Robert H. Braver ("Braver") and hereby responds to *Defendants Clear Sky Financial and Anthony Francisco's Motion to Dismiss with Brief in Support* (Doc. No. 11) (hereafter "*Motion to Dismiss*" or "*Motion*") as follows:

1. This Court has personal jurisdiction over Defendant Anthony Francisco ("Francisco") because the only reasonable inference from the facts alleged in Braver's *Complaint* (Doc. No. 1) is that Francisco created, implemented, and controlled, participated in, and/or authorized the unlawful telemarketing scheme that resulted in the calls to Braver.

2. Braver has stated a claim against Francisco because he is personally liable for the actions he participated in or authorized.

3. In the alternative, the Court should allow Braver to conduct discovery as to whether Francisco participated in or authorized the calls to Braver.

1

4. A private right of action exists under 47 C.F.R. §§ 64.1601(e) and 64.1200(d) because these regulations were promulgated under 47 USC § 227(c).

5. For these reasons, the Court should deny the *Motion to Dismiss*.

## INTRODUCTION

Braver is a committed consumer advocate with decades of experience fighting violations of the Telephone Consumer Protection Act ("TCPA"). Congress enacted the TCPA to protect consumers like Braver from unrestricted telemarketing that invades their privacy. Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 USC § 227).

Braver received 19 calls to his residential landline and personal cellphone in violation of the TCPA. Francisco and Clear Sky Financial, LLC ("Clear Sky") (collectively "Defendants") participated in or authorized these calls. Braver filed suit against Defendants for their violations of the TCPA as well as violations of the Oklahoma Consumer Protection Act ("OCPA") and the Telemarketer Restriction Act ("TRA").

Defendants' *Motion to Dismiss* does not challenge the majority of Braver's *Complaint*. The *Motion* only alleges that this Court has no personal jurisdiction over Francisco, that Braver failed to state a claim against Francisco, and that there is no private right of action under 47 C.F.R. §§ 64.1601(e) and 64.1200(d). For the reasons discussed here, Defendants have not demonstrated any basis for dismissing Francisco as a defendant or the claims brought under 47 C.F.R. §§ 64.1601(e) and 64.1200(d).

## I.     THE COURT HAS PERSONAL JURISDICTION OVER FRANCISCO

2

This Court has personal jurisdiction over Francisco because the *Complaint* alleges that Francisco participated in or authorized the phone calls made to Braver in violation of the TCPA. This allegation is supported by the well-pleaded facts of Braver's *Complaint* and is sufficient to establish a *prima facie* case of personal jurisdiction.

When assessing a motion to dismiss for lack of personal jurisdiction, the court must take as true all plausible facts in the plaintiff's complaint. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). Any factual disputes are to be resolved in favor of the plaintiff, who only needs to make a *prima facie* showing of personal jurisdiction at this stage. *Dudnikov* at 1070.

This Court may exercise personal jurisdiction over a nonresident defendant to the extent that its exercise is compatible with due process. *Id.* The Tenth Circuit has held that Oklahoma's long-arm statute is co-extensive with the Due Process Clause of the United States Constitution. *Intercon, Inc. v. Bell Atlantic Internet Solutions*, 205 F.3d 1244, 1247 (10th Cir. 2000).

In turn, the Due Process Clause requires the nonresident defendant to have certain minimum contacts with the forum state. *Hood v. American Auto Care, LLC*, 21 F.4th 1216, 1221 (10th Cir. 2021). The Court can exercise specific personal jurisdiction over a defendant when it finds "(1) that the defendant has "purposefully directed [its] activities at residents of the forum," and (2) that the suit "arise[s] out of or relate[s] to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174 (1985).

In support of their *Motion to Dismiss*, Defendants cite *Visser v. Caribbean Cruise Line, Inc.*, 1:13-CV-1029, 2020 WL 415847 (W.D. Mich. Jan. 27, 2020), *Cunningham v.*

3

*Rapid Response Monitoring Servs.*, 251 F.Supp.3d 1187, 1209 (M.D. Tenn. 2017), and

*Cunningham v. Local Lighthouse Corp.*, 3:16-CV-02284, 2017 WL 4053759, at 4 (M.D.

Tenn. Aug. 7, 2017). In each of these cases, the court dismissed the TCPA claim against

an individual defendant for lack of personal jurisdiction.

However, these cases are inapposite. Those plaintiffs only contended that the

courts had personal jurisdiction over the individual defendants based on their position as

corporate officers of entity defendants. In addition, the individual defendants in those

cases provided affidavits that specifically denied that they participated in or authorized

the unlawful conduct. See *Mestas v. CHW Group Inc.*, 508 F.Supp.3d 1011, 1019-20 (D.

N.M. 2020) (discussing *Cunningham v. Local Lighthouse Corp.* as well as other cases not

cited by the Defendants).

In contrast, *Braver* has not merely asserted that the Court has personal jurisdiction

over Francisco because he is a corporate officer of Defendant Clear Sky. Braver has

specifically alleged that Francisco participated in or authorized the calls that were placed

in violation of the TCPA. This allegation is sufficient to establish personal jurisdiction

over Francisco. See *Mestas* at 1021. In addition, Francisco has not produced an affidavit

denying that he personally participated in or authorized the calls placed to Braver.

Francisco's personal participation or authorization of the calls to Braver is further

supported by the factual allegations of the *Complaint*. Braver alleged that Francisco is the

sole managing member of Clear Sky. *Complaint* at ¶6. Braver alleged that he received 19

calls to his landline and cellphone from Clear Sky. *Complaint* at ¶¶ 16-19. Clear Sky has

not sought to dismiss the *Complaint* against it for lack of personal jurisdiction, implicitly

4

accepting that Braver has made a *prima facie* case that its agents purposefully directed activities to a resident of this forum and that those activities are connected to this cause of action. Therefore, the only issue is whether Francisco personally participated in or authorized those calls.

An analogous case can be found in *Montelongo v. My Fin. Sols. L.L.C.*, 2020 WL 210814 (W.D. Tex. Jan. 14, 2020). In *Montelongo*, a consumer filed an action in Texas against a corporate entity and its sole member for violations of the TCPA. *Montelongo* at *1. The sole member moved to dismiss for lack of personal jurisdiction because she was a resident of California. *Id.* The court denied her motion because the consumer had sufficiently alleged that the sole member was the "central figure behind the telemarketing scheme". *Id.* at 6. In addition, the court found that the sole member had good reason to believe she would be subject to suit in any state where she directed calls because she had already been sued in Massachusetts for similar violations of the TCPA. *Id.*

Here, Francisco is the sole managing member of Clear Sky. The Court can infer from this that Francisco had the decision-making authority to create, develop, and implement the unlawful telemarketing scheme, or at a minimum, participate in or authorize the calls to Braver. Similar to the consumer in *Montelongo*, Braver has sufficiently alleged that Francisco is the central figure behind the calls placed to him. Taking this as true, the Court must find that it has personal jurisdiction over Francisco.

Additionally, Francisco has been personally sued in other jurisdictions where he does not reside for allegations of a similar unlawful telemarketing scheme and he has not contested personal jurisdiction in those matters. See *Brandon Callier v. Debt Mediators,*

5

*LLC d/b/a CM Solutions, Anthony Francisco, and Andrea Francisco*, EP-21-CV-00278-DB, (W.D. Tex. January 12, 2022). As such, Francisco had good reason to believe he would be haled into court in any jurisdiction where he directed calls to be placed.

Francisco has made no argument as to why the Court's exercise of personal jurisdiction would offend traditional notions of fair play and due process and there are none to be made. For these reasons, the Court has personal jurisdiction over Francisco.

## II.   BRAVER HAS STATED A CLAIM AGAINST FRANCISCO

At the outset, Braver notes that Defendants' *Motion* requests that all claims against Francisco be dismissed under Federal Rule of Civil Procedure 12(b)(6). However, the substance of the *Motion* only discusses Braver's claims for violations of the TCPA. It does not allege why Braver has purportedly failed to state a claim under the OCPA or the TRA. Because Defendants have presented no argument or authority as to why Braver's claims against Francisco under the OCPA or the TRA should be dismissed, this *Response* only addresses his claims made under the TCPA. *Cf. Jones v. Hacker,* Case No. 13-cv-00444-JHP, fn.6 (E.D. Okla. 2015) (citing *Jones v. Rent-A-Center, Inc.*, 240 F.Supp.2d 1167, 1175 (D. Kan. 2002)) (holding that a claim is considered abandoned when not supported by argument or authority).

Although this request is made under a different part of Federal Rule of Civil Procedure 12, the relevant facts and legal analysis are similar to those made under Francisco's 12(b)(2) motion. They are similar because courts have found that corporate officers can be personally liable under the TCPA if they personally participated in or directed the unlawful activities. *Mestas* at 1019-20; *Texas v. American Blastfax, Inc.*, 164

6

F.Supp.2d 892, 898 (W.D. Texas 2001). Holding such corporate officers liable is good policy because "to hold otherwise would allow the individual defendants to simply dissolve [the corporate entity], set-up a new shell corporation, and repeat their conduct." *American Blastfax, Inc.* at 898.

In addition, the Communications Act of 1934 (of which the TCPA is a part) clearly states that an officer may be personally liable for their omissions and failures as well as their acts. 47 USC § 217. As discussed above, Braver alleged that Francisco is the central figure in behind Clear Sky's unlawful calls. Braver also alleged that Francisco has been on notice of similar violations for similar conduct since at least January 2022. *Complaint* at ¶17. In spite of this, Braver received calls as recently as June 2022. *Complaint* at ¶23.

Even if, before January 2022, Francisco was not aware that his company was placing calls in violation of the TCPA, he cannot claim ignorance afterwards. Francisco personally appeared in the *Callier* case and did not contest the court's personal jurisdiction over him or whether he was personally liable. As such, Francisco is personally liable for his omissions and failures as well as his acts. See *Champion v. Credit Pros Int'l Corp.*, No. 21-10814 (JXN) (JBC), (D. N.J. August 5, 2022) (citing *City Select Auto Sales Inc. v. David Randall Assocs.*, 855 F.3d 154, 162 (3d Cir. 2018).

Francisco is personally liable for his violations of the TCPA, OCPA, and TRA because, as the sole managing member of Clear Sky, the Court can infer that he personally participated in or authorized the calls to Braver. The Court can certainly infer

7

that he failed to put a stop to these unlawful calls after being sued by another consumer for the same conduct. Therefore, Braver has stated a claim against Francisco.

### III.    IN THE ALTERNATIVE, THE COURT SHOULD ALLOW BRAVER THE OPPORTUNITY TO CONDUCT DISCOVERY

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), this Court has a range of options. *Dudnikov* at 1069. One of its options is to allow discovery and hold a pre-trial evidentiary hearing. See *id.* Although Braver maintains that his *Complaint* contains sufficient well-plead facts to establish personal jurisdiction and liability over Francisco, the Court may elect to utilize this option if it does not agree. Allowing discovery and holding an evidentiary hearing would not be futile as there is a conceivable and probable set of facts that would allow this Court to exercise jurisdiction over Francisco. The Federal Rules of Civil Procedure do not require Braver "to plead information he could not access without discovery." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 529 (7th Cir. 2015).

### IV.    THERE IS A PRIVATE RIGHT OF ACTION UNDER 47 C.F.R. §§ 64.1601(e) AND 64.1200(d)

Defendants ask that Counts III and IV of the *Complaint* be dismissed against them because they allege that there is no private right of action under 47 C.F.R. §§ 64.1601(e) and 64.1200(d). There is a private right of action for both violations because they were promulgated under 47 USC § 227(c). Braver will address these issues in the same order as the Defendants.

To begin, Braver notes that 47 USC §§ 227(b)-(c) provide a private right of action for their violations while 47 USC §§ 227(d)-(e) do not. For this reason, regulations

promulgated under the former sections contain a private right of action. Regulations promulgated under the latter two do not. There is an ongoing dispute across federal courts about which regulations were enacted under which section of 47 USC § 227 and, thus, whether those regulations are enforceable by a private right of action.

### A. 47 C.F.R. § 64.1200(d)

Under 47 C.F.R. § 64.1200(d), entities are required to disclose their name and contact information during telemarketing calls and must have written policies that conform to certain minimum standards. This regulation also requires entities to maintain internal do-not-call lists.

The substance of this regulation most closely corresponds to the substance of 47 USC § 227(c), which requires the Federal Communications Commission ("FCC") to initiate rulemaking that protects consumers' privacy rights related to telemarketing calls, including the creation of do-not-call lists. *Persichetti v. T-Mobile USA, Inc.*, 479 F.Supp.3d 1333, 1339 (N.D. Ga. 2020). Relatedly, the Court should find that 47 C.F.R. § 64.1200(d) was promulgated under 47 USC § 227(c) because both are primarily concerned with the protection of privacy rights. *Rosenberg v. LoanDepot.com LLC*, 435 F.Supp.3d 308, 324-35 (D. Mass. 2020). In contrast, 47 USC § 227(d) is merely concerned with technical and procedural standards for faxes, automatically dialed calls, and artificial or prerecorded voice calls generally. It is not limited to telemarketing. See *Hand v. Beach Entertainment KC, LLC*, 456 F.Supp.3d 1099, 1124-25 (W.D. Mo. 2020) ("47 U.S.C. § 227(d) restricts its applicability to technical and procedural standards of

these particular devices whereas 47 C.F.R. § 64.1200(d) neither mentions nor restricts its applicability to these devices.").

Defendants' lone citation to justify their claim that there is no private right of action under 47 C.F.R. § 64.1200(d) is to an unpublished order by the Honorable Stephen P. Friot. *Braver v. NorthStar Alarm Servs., LLC*, No. CIV-17-0383-F, 2019 WL 3208651, at 15 (W.D. Okla. July 16, 2019). As Defendants concede, "there are other cases that take a contrary view." *Motion* at 13. Indeed, the majority of courts that have analyzed the issue have taken this contrary view. See *Brandon Callier v. Debt Mediators, LLC d/b/a CM Solutions, Anthony Francisco, and Andrea Francisco*, EP-21-CV-00278-DB, *5 (W.D. Tex. May 5, 2022) (collecting cases).

The Third and Sixth Circuits are among the courts that have found that the substance of 47 C.F.R. § 64.1200(d) more closely corresponds to the substance of 47 USC § 227(c). *Shelton v. Fast Advance Funding, LLC*, 805 F.App'x 156, 157 (3rd Cir. 2020); *Charvat v. NMP, LLC*, 656 F.3d 440, 449-44 (6th Cir. 2011). In fact, two of the cases cited by Defendants elsewhere also made this finding. *Dobronksi v. Selectquote Ins. Servs.*, 462 F.Supp.3d 784, 790-91 (E.D. Mich. May 27, 2020); *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F.Supp.3d 1187, 1200 (M.D. Tenn. 2017). See also *Hand* at 1125.

Since Judge Friot held that there was no private right of action under 47 C.F.R. § 64.1200(d), more and more courts have come to the opposite conclusion. It is evident from the face of both the statute and the regulation that it was promulgated under 47 USC

§ 227(c). For this reason, the Court should follow the majority of opinions and hold that there is a private right of action under 47 C.F.R. § 64.1200(d).

**B.  47 C.F.R. § 64.1601(e)**

The regulations in 47 C.F.R. § 64.1601(e) relate to Caller ID requirements for telemarketing calls specifically. This Court need only look to the text and history of the regulation and statute to determine that 47 C.F.R. § 64.1601(e) was promulgated under 47 USC § 227(c).

Title 47 C.F.R. § 64.1601(e) was enacted in 2003. 68 FR 44143. At that time, 47 USC § 227(e), relating to misleading or inaccurate Caller ID for all calls generally, did not exist. This section was not enacted until 2009. Truth in Caller ID Act, PL 111-331, December 22, 2010, 124 Stat 3572. Further, section 227(e) does not expressly restrict any person from blocking Caller ID. Conversely, 47 C.F.R. § 64.1601(e) does prohibit telemarketers from blocking Caller ID, which is more consistent with section 227(c).

Therefore, if the regulation was not promulgated 47 USC § 227(c), then the only other section that could have been used was 47 USC § 227(d). However, a review of the substance of each section reveals that 47 USC § 227(c) is the better candidate.

The substance of 47 C.F.R. § 64.1601(e) more closely mirrors 47 USC § 227(c). The title of the regulation, "Delivery requirements and privacy restrictions", matches the title of the relevant subsection, "Protection of Subscriber Privacy Rights". As such, the prohibition contained in 47 C.F.R. § 64.1601(e) should be viewed as having been enacted under 47 USC § 227(c).

11

Moreover, when reading the pertinent rulemaking of the FCC, it is clear that the Caller ID regulations were promulgated under 47 USC § 227(c). See generally 68 FR 44143. When discussing this requirement, the FCC states:

> "The Commission has determined to require all sellers and telemarketers to transmit caller ID information … Caller ID allows consumers to screen out unwanted calls and to identify companies that they wish to ask not to call again. Knowing the identity of the caller is also helpful to consumers who feel frightened or threatened by hang-up and ''dead air'' calls."

68 FR 44144-01 at ¶ 127.

This language makes it plain that the policy behind 47 C.F.R. § 64.1601(e) is to protect consumer's privacy. The Caller ID requirements are not merely technical or procedural matters. If they were, the FCC would have had no reason to note that Caller ID gives consumers the power to avoid undesirable calls or protect them from feeling afraid. As such, the Court should find that this regulation was promulgated under 47 USC § 227(c) rather than 47 USC §§ 227(d) or (e).

Despite their reliance on Judge Friot's opinion in *Braver v. NorthStar Alarm Servs.* as to why there is no private right of action under 47 C.F.R. § 64.1200(d), Defendants attempt to distinguish his holding that there is a private right of action under 47 C.F.R. § 64.1601(e). Defendants make no attempt to explain why the Honorable Judge Friot's opinion is well-reasoned in one sense, but insufficiently persuasive in another.

Their only argument as to why the Court should not follow Judge Friot's opinion on 47 C.F.R. § 64.1601(e) is that the *Dobronski* case found it to be lacking in analysis. *Dobronski* at 790. Yet, *Dobronski* itself does not analyze the history or text of 47 C.F.R. § 64.1601(e). Indeed, none of cases cited by Defendants acknowledge these points.

12

Because the cited cases are deficient in their analysis, the Court should find these non-binding cases to be unpersuasive.

Title 47 USC § 227(c)(5) allows a private right of action when a consumer has received more than a single call in twelve months. Braver has alleged that he received more than one call in a year. *Complaint* at ¶19. As such, the Court should find that a private right of action exists for 47 C.F.R. § 64.1601(e).

### CONCLUSION

Defendants have provided no basis for dismissing Francisco as a defendant or Counts II and III of the *Complaint*. Braver has alleged well-pleaded facts that Francisco personally participated in or directly authorized the phone calls placed to Braver in violation of the TCPA. Francisco's status as the sole managing member creates a reasonable inference that he had the decision-making authority to authorize those calls.

This is sufficient for a *prima facie* case of personal jurisdiction and personal liability. In the alternative, the Court should permit Braver the opportunity to conduct discovery on this issue. In addition, there is a private right of action under 47 C.F.R. § 64.1200(d) because the substance of the regulation concerns consumer privacy rights and a majority of courts have held as much. There is a private right of action under 47 C.F.R. § 64.1601(e) because the text and history of the regulation support that it was promulgated under 47 USC § 227(c).

For the reasons discussed above, the Court should deny Defendants' *Motion to Dismiss* in its entirety.

By:   /s/ Evan Humphreys

13

Evan Humphreys, OBA #33008
The Law Office of Evan Humphreys, PLLC
PO Box 2221
114 NE 5th Street
Guymon, Oklahoma 73942-4315
Phone: (580) 219-5700
evan@guymonattorney.com

David Humphreys, OBA #12346
Luke Wallace, OBA #16070
Paul Catalano, OBA #22097
Humphreys Wallace Humphreys, P.C.
7715 East 111th Street, Suite 106
Tulsa, OK 74133
(918) 747-5300 / (918) 471-2223 (Fax)
david@hwh-law.com
luke@hwh-law.com
paul@hwh-law.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on the above file stamped date, a copy of the foregoing document was served upon all counsel of record via CM/ECF.

Patrick H. Lane
Jordan M. LePage
Grant P. Scowden
Ball Morse Lowe PLLC
plane@bml.law
jlepage@bml.law
gscowden@bml.law

James A. Peterson
Peterson Legal P.A.
james@petersonlegal.com
**ATTORNEYS FOR DEFENDANTS Clear Sky Financial LLC, Anthony Francisco**

/s/ Evan Humphreys
Evan Humphreys

14