THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ROBERT H. BRAVER,                              )
                                               )
            Plaintiff,                         )
                                               )
v.                                             )        CIV-22-710-R
                                               )
CLEAR SKY FINANCIAL, LLC,                      )
a Florida Limited Liability Company,           )
CMM SOLUTIONS, an unregistered                 )
entity, and ANTHONY FRANCISCO,                 )
                                               )
            Defendant.                         )

## ORDER

Before the Court is the Motion to Dismiss filed by Defendants Clear Sky Financial, LLC and Anthony Francisco. (Doc. No. 11). Plaintiff responded in opposition to the motion and Defendants filed a Reply in support of their position. (Doc. Nos. 16 and 18). Upon consideration of the parties' submissions, the Court finds as follows.

Plaintiff filed this action alleging that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 and certain of the regulations promulgated thereunder, specifically 47 C.F.R. § 64.1200(d) and § 64.1601(e), as well as state law claims under the Oklahoma Consumer Protection Act. The Complaint alleges that Plaintiff Braver has had his residential landline listed on the National Do-Not- Call Registry since August 29, 2019 and his cellular phone has been listed on the registry since June 28, 2003. (Doc. No. 1, ¶¶ 13-14). He asserts that starting in February 2021, he began receiving calls via pre-recorded message, with a voice purporting to be that of "Sarah from Discover" and "Sarah

Lawson from the Department of Visa/Mastercard." (*Id.* ¶ 16). Between that date and the filing of the Complaint on August 18, 2022, Plaintiff allegedly received seventeen such calls to his landline and two to his cellular phone. (*Id.* ¶ 20). None of the calls identified the company name via caller id, and Plaintiff believes the numbers displayed were either random or non-working numbers. (*Id.* ¶ 20).

Plaintiff alleges that on June 1, 2022, he answered a call that started with a prerecorded message from "Sarah Lawson from the Department of Visa and Mastercard" and offered him debt elimination under the Fair Credit Reporting Act because of "the lenders' inability to follow their own policy." (*Id.* ¶ 25). Plaintiff was transferred to a live person who informed him that his "profile" had been approved by Equifax, Experian, and TransUnion. (*Id.* ¶ 28).

In the course of his conversation Plaintiff was asked for his credit card number, the last four digits of his Social Security number, and his billing zip code. (*Id.* ¶ 30). The representative told Plaintiff he needed this information for purposes of obtaining and verifying certain information related to his credit card. (*Id.* ¶ 31). The call was transferred to a second representative who purported to be from the "security department of the credit bureau Experian." (*Id.* ¶¶ 33-34). When pressed for the last four digits of his Social Security number Plaintiff relented. (*Id.* ¶ 38). He was instructed to make the minimum payments for the next three months, and that there was no charge for the debt elimination. (*Id.* ¶ 39). The call was transferred to a third representative who identified himself as David J. Crawford, who explained Plaintiff was eligible for debt elimination because he submitted his payments on time and because the interest rate he was being charged was too high. (*Id.* ¶

42). Crawford informed Plaintiff that he would be charged $7,000 in attorneys' fees, but that the charges, which would be put on his credit card, would be eliminated with the rest of his debt. (*Id.* ¶ 45). Crawford disavowed that he worked for Experian. (*Id*, ¶ 47). Crawford indicated he was going to record the conversation to obtain Plaintiff's consent to charge his credit card and he reiterated the information previously conveyed to Braver, including that his credit score would be lowered, but that it would be temporary. (*Id.* ¶ 49). Plaintiff's call was transferred to a fourth person, Nathan, who claimed to be associated with the verification department of Clear Sky, who asked Plaintiff to falsely state that he was not contacted by automated or prerecorded message. (*Id.* ¶ 51). Nathan advised Braver that Clear Sky was not a law firm and could not provide legal advice, despite statements on a prior call that Plaintiff would be charged attorneys' fees. (*Id.* ¶ 52). Despite the statements during the four calls, the Engagement Agreement provided by the representatives did not state that Mr. Braver's debt would be eliminated, rather he was agreeing to pay $7,000.00 for education about the "foundations of fiat money and fractional reserve banking." (*Id.* ¶ 56).

In seeking dismissal Defendant Anthony argues that Plaintiff has failed to establish that the Court may exercise personal jurisdiction over him, as he is a resident of Florida and Plaintiff has failed to allege sufficient minimum contacts. He alternatively contends that Plaintiff has failed to allege sufficient facts against him to support a claim under any of his theories. Both Defendants contend that Counts II and III are subject to dismissal because the regulations upon which Plaintiff relies do not provide a private cause of action.

When a defendant contests jurisdiction, plaintiff has the burden of establishing personal jurisdiction over him. *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1074 (10th Cir. 2004); *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). Where the Court considers a motion to dismiss without an evidentiary hearing, the plaintiff "need only make a prima facie showing of personal jurisdiction to defeat the motion." *See AST Sports*, 514 F.3d at 1057. This burden is "light." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Plaintiff can satisfy this burden by "demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *AST Sports*, 514 F.3d at 1057 (quoting *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998)). And where, as here, the defendant provides "no affidavit or other written materials to controvert any of the factual allegations in the complaint," the Court "must accept as true all well-pled factual allegations therein, as well as construe the same in the light most favorable to [the] plaintiff." *Smart-Tel Commc'ns, LLC v. Advanced Commc'ns & Maint.*, No. 16-cv-222, 2016 WL 11694168, at *4 (D. Colo. Sept. 29, 2016). "[O]nly the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." *Wenz* 55 F.3d at 1505; *Mestas v. CHW Grp. Inc.*, 508 F. Supp. 3d 1011, 1018 (D.N.M. 2020).

Defendant Francisco argues the Court may not exercise personal jurisdiction over him and therefore he must be dismissed. "Personal jurisdiction is established by the laws of the forum state and must comport with constitutional due process." *Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Canada, Ltd.*, 703 F.3d 488, 492 (10th Cir. 2012).

4

Oklahoma's long-arm statute permits service of process as broad as the permissible limits of due process. *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) (citing Okla. Stat. tit. 12, § 2004(F)). Accordingly, the Court's inquiry is reduced to a single question: whether the Court's exercise of jurisdiction over Defendant Francisco is consistent with constitutional due process. *See id.* at 1229; *Shrader v. Biddinger,* 633 F.3d 1235, 1239 (10th Cir. 2011).

"Due process requires both that the defendant [1] 'purposefully established minimum contacts within the forum State' and [2] that the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). In other words, "the contacts with the forum State must be such that the defendant should reasonably anticipate being haled into court there." *XMission, L.C. v. Fluent LLC,* 955 F.3d 833, 839–40 (10th Cir. 2020) (internal quotation marks omitted); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Although personal jurisdiction may be general or specific, Plaintiff limits his argument to specific jurisdiction, because this suit arises out of Defendant's alleged contacts with the forum state. To establish specific jurisdiction a plaintiff must allege facts showing that (1) the defendant purposefully directed his activities at residents of the forum and (2) that the litigation results from alleged injuries that arise out of or relate to those activities. *OMI Holdings*, 149 F.3d at 1090–91. Even if Plaintiff meets his burden on these requirements, the Court must still ask whether the exercise of personal jurisdiction would offend

5

traditional notions of fair play and substantial justice. *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011).

The Complaint alleges that Defendant Francisco resides in Florida and is the sole managing member of Defendant Clear Sky. (Doc. No. 1, ¶ 6). Thereafter Plaintiff alleges that Defendants "have engaged in business activities in and/or directed to this District and have purposefully availed themselves of the opportunity to conduct commercial activities in this forum." (*Id.* ¶ 9). "Upon information and belief, Francisco participated in or authorized the wrongful conduct complained of and is directly and personally liable for any violations resulting from that conduct. In the alternative, Francisco is vicariously liable for the conduct of his agents." (Doc. No. 1, ¶¶ 58-59).

The Court finds that Plaintiff's allegations are too conclusory to establish personal jurisdiction over Defendant Francisco. Plaintiff alleges Defendant Francisco is the managing member of Clear Sky and in conclusory fashion alleges that he participated in the illegal conduct. Plaintiff, however, does not allege in what capacity Defendant Francisco participated. Did he create scripts used by the employees engaged in the alleged fraud? Did he procure and advise Clear Sky employees to use robocalls or to call numbers on the do not call list? The Court has reviewed the pleadings in various cases cited by Plaintiff and the allegations in those cases are simply more factual than conclusory, unlike the allegations set forth above. Additionally, that Defendant Francisco did not challenge the jurisdiction of the Court in a case filed in Texas against another company with which he is affiliated does not mean that Defendant Francisco directed calls to Oklahoma. The fact that Clear Sky does not seek dismissal is similarly not dispostive in the absence of

additional factual allegations against Francisco. S*ee In re  SEC v. Knowles*, 87 F.3d 413, 418 (10th Cir. 1996) ("[E]mployees of a corporation that is subject to the personal jurisdiction of the courts of the forum may themselves be subject to jurisdiction if those employees were primary participants in the activities forming the basis of jurisdiction over the corporation." (*citing Calder v. Jones*, 465 U.S. 783, 790 (1984)).

The Court finds, however, that Plaintiff should be permitted to engage in jurisdictional discovery. "When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Budde v. Ling-Temco-Vought, Inc.* 511 F.2d 1033, 1035 (10th Cir. 1975). The party seeking jurisdictional discovery has the burden to demonstrate entitlement to the discovery, and prejudice from the denial thereof. *See Breakthrough Mgmt Group v. Chukchansi Gold Casino and Resort,* 629 F.3d 1173 (10th Cir. 2020). Here, the Court finds that limited jurisdictional discovery to explore Defendant Francisco's involvement in the daily workings of Clear Sky is appropriate, and that in the absence of such discovery the prejudice to Plaintiff is apparent. Accordingly, the Court will hold the instant motion in abeyance, to the extent it addresses personal jurisdiction against Defendant Francisco.

Because Defendant Clear Sky does not challenge the Court's jurisdiction the Court turns to whether Plaintiff can proceed on Counts II and III of the Complaint, both claims under the Telephone Consumer Protection Act ("TCPA"). In the TCPA Congress explicitly created a private right of action under 47 U.S.C. § 227(b) and (c). 47 U.S.C. § § 227(c), upon which Plaintiff relies, imposed rulemaking requirements on the Federal Communications Commission, "concerning the need to protect residential telephone

subscribers' privacy rights to avoid receiving telephone solicitations to which they object."
47 U.S.C. § 227(c)(1). Section 227(c)(5) authorizes a private right of action by "[a] person
who has received more than one telephone call within any 12-month period by or on behalf
of the same entity in violation of the regulations prescribed under this subsection. . . ." As
relevant here, 47 U.S.C. § 227(d) addresses "[t]echnical and procedural standards" and
makes it unlawful for a person to initiate communication using a telephone facsimile
machine or a call with an automatic telephone dialing system that does not "comply with
the technical and procedural standards prescribed under this subsection, or to use any
telephone facsimile machine or automatic telephone dialing system in a manner that does
not comply with such standards." Unlike § 227(c), § 227(d) does not provide for a private
right of action to enforce the technical and procedural standards that the statute mandated
the Commission adopt for systems used to transmit artificial or prerecorded voice messages
via phone. The statute itself requires that systems used to transmit artificial or prerecorded
messages via phone clearly state the identity of the business, individual or other entity
initiating the call at the outset and that the telephone number and address of the initiating
party be given during or after the message. Counts II and III of the Complaint rely on 47
C.F.R. § 64.1601(e) and § 64.1200(d), respectively, both regulations enacted by the
Commission under the TCPA. Defendants contend these regulations were not promulgated
under § 227(c) but rather arise under § 227(d), and therefore no private cause of action
exists.

In Count II Plaintiff asserts that Defendant Clear Sky violated 47 C.F.R.
§ 64.1601(e), which mandates that any person or entity engaging in telemarketing must

8

transmit certain caller identification information with the allegedly offending telephone calls, specifically Caller ID numbers and/or a company name of either the caller or the seller on whose behalf the call is made. In response to the motion to dismiss Plaintiff argues the regulation fits most squarely with § 227(c) of the statute, not (d). The Court disagrees.[1]

The Court notes that Plaintiff has not identified, nor has the Court's independent research identified, a single federal court decision recognizing the existence of a private right of action under 47 C.F.R. § 64.1601(e) when the court has directly addressed the issue.

> As observed in *Worsham v. Travel Options, Inc.*, 2016 WL 4592373, at *3 (D. Md. Sept. 2, 2016), "subsection c directed the FCC to promulgate regulations aimed at establishment and operation of a national database of telephone numbers of residential subscribers who object to receiving telephone solicitations and, further, permitted the FCC to prohibit telephone solicitations to any number in the database." To that end, subsection (c)

---

[1] Defendant relies on a decision from the Western District, issued by Judge Friot, in support of its motion as to Count III, but argues his decision should not be relied upon with regard to Count II. In response Plaintiff argues in part that "Defendants make no attempt to explain why the Honorable Judge Friot's opinion is well-reasoned in one sense, but insufficiently persuasive in another." (Doc. No. 16, p 12). Defendant is not obligated to distinguish between Judge Friot's holding that it endorses and a contrary argument on an entirely different point of law, given that the issues albeit related, are distinct. Furthermore, Judge Friot's explanation of why he rejected the existence of a cause of action under § 64.1200(d), (Count III of this case) is more thorough than his discussion of 64 C.F.R. § 64.1601(e) (Count II of this case), because the parties' arguments were not premised on the same grounds as those raised here. As noted by the court in *Dobronski v. Selectquote Ins. Servs.,* 462 F. Supp. 3d 784, (E.D. Mich. 2020)

> In *Engle*, for example, the U.S. District Court for the Southern District of California entered an order declining to dismiss the plaintiffs' claim under 47 C.F.R. § 64.1601(e), on the basis of the defendants' argument that a plaintiff could not allege violations of both the TCPA and its implementing regulations for the same misconduct. *Engle*, 2014 WL 12508347, at *5. And in *Braver*, the U.S. District Court for the Western District of Oklahoma entered an order refusing to dismiss a claim under 47 C.F.R. § 64.1601(e) because the defendant's argument *did not address* the "sufficiency of this count as a claimed violation of 47 C.F.R. § 64.1601(e)." *Braver*, 2017 WL 11139779, at *5.

*Id.* at 790.

grants a right of private action to "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under [subsection (c)] ... to enjoin such violation [and/or] ... to receive up to $500 in damages for each such violation." 47 U.S.C. § 227(c)(5). The court in *Worsham*, after extensive discussion of the relevant regulations, concluded that the "rule in § 64.1601(e) appears to *support* consumers' enforcement efforts under the TCPA's subsection *c*, rather than to *create* a separate mechanism upon which a consumer can make an actionable claim." *Id.* at *4 (emphasis in original). Courts in this district, after some analysis of their own, have followed this holding in disposing of this same Plaintiff's § 64.1601(e) claims. *See, e.g., Dobronski v. Selectquote Ins.Serv's*, 462 F. Supp. 3d 784 (E.D. Mich. 2020); *Dobronski v. SunPath Ltd.*, 2020 WL 8840311 (E.D. Mich. July 27, 2020). These decisions are persuasive, and without any contrary authority, the undersigned recommends following these cases and dismissing the "Bad Caller ID" claim because there is no private right of action for a violation of § 64.1601(e). Further, leave to amend should be denied as raising the claim in an amended complaint would be futile.

*Dobronski v. Total Ins. Brokers, LLC*, No. 21-10035, 2021 WL 4338957, at *7 (E.D. Mich. May 14, 2021), *report and recommendation adopted in part, rejected in part*, 2021 WL 4452218 (E.D. Mich. Sept. 29, 2021). The Court in *Worsham* further noted

[I]t is not clear whether § 64.1601(e) is promulgated under either subsection b or subsection c of the TCPA[, which expressly grant private rights of action]. Caller ID technology does not fit neatly into the focus of either subsection, neither of which requires the use of such technology to accomplish their respective purposes. *Thus, it is also not clear whether a violation of § 64.1601(e) falls within the private right of action granted by subsection b or subsection c. It seems just as likely that the FCC may have only intended to ensure consistency between its preexisting Caller ID regulations and its revised TCPA regulations and/or the FTC's regulations pertaining to telemarketing when the FCC promulgated § 64.1601(e)*; those efforts all occurred at the same time, in 2003. Additionally, the FCC said, "Caller ID requirements will improve the ability of consumers to identify and enforce do-not-call rights against telemarketers."

*Worsham*, 2016 WL 4592373 at 4-5 (emphasis added; citations omitted). The court concluded, "the FCC's rule in § 64.1601(e) appears to *support* consumers' enforcement

10

efforts under the TCPA's subsection c, rather than to *create* a separate mechanism upon which a consumer can make an actionable claim." *Id.* at *4-5, (emphasis in original). The undersigned concurs with the authorities that have directly addressed the issue and concluded that 64 C.F.R. § 64.1601(e) does not confer a private cause of action. *See e.g. Meyer v. Capital Alliance Group*, No. 15-CV-2405, 2017 WL 5138316 (S.D. Cal. Nov. 6 2017); *Dobronski v. Selectquote Ins. Servs.*, 462 F. Supp. 3d 784 (E.D. Mich. 2020); *Dobronski v. Sunpath Ltd.*, No. 19-13094, 2020 WL 8840311 (E.D. Mich. July 27, 2020). Accordingly, the Motion to Dismiss is granted as to Count II of the Complaint.

In Count III Plaintiff alleges two separate claims under the provisions of 47 C.F.R. § 64.1200, specifically subsections (d)(1) and (d)(4). This regulation provides, in relevant part:

> (d) No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
>> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>> ***
>> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

64 C.F.R. § 64.1200(d)(1) and (4). Again, Defendant argues that the sections were promulgated pursuant to 47 U.S.C. § 227(d), and therefore, there is no private cause of

11

action. Plaintiff relies on § 227(c) and argues that because Defendant's actions violated (d)(1) and (d)(2), he may proceed with Count III.

As the parties are aware, there is a split of authority in the federal courts concerning whether § 64.1200(d) was promulgated under § 227(c) or (d). Subsection (c) generally addresses the creation and maintenance of no call lists. Compare *Braver*, No. CIV-17-383-F, 2019 WL 3208651, *14-15 (W.D. Okla. July 16, 2019)(no cause of action); *Burdge v. Association Health Care Management, Inc.*, No. 10-cv-00100, 2011 WL 379159 (S.D. Ohio Feb. 2, 2011)(same); and *Worsham v. Travel Options, Inc.*, No. 14-2749, 2016 WL 4592373, *7 (D. Md. Sept. 1, 2016) with *Charvat v. NMP, LLC*, 656 F.3d 440, 448 (6th Cir. 2011)(§ 64.1200(d) promulgated under § 227(c)); *Bilek v. Nat'l Cong. of Emp'rs, Inc.*, 470 F. Supp. 3d 857, 862-63 (N.D. Ill. 2020) (§ 64.1200(d) implements § 227(c)'s command to protect the privacy rights of telephone subscribers); *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1200 (M.D. Tenn. 2017) (the do-not-call procedures of § 64.1200(d) "fit cleanly under the rubric" of § 227(c)'s general mandate to adopt do-not-call regulations); *Rosenberg v. LoanDepot LLC*, 435 F. Supp. 3d 308, 324–25 (D. Mass. 2020)

As set forth above, § 64.1200(d) requires that telemarketers maintain internal do-not-call lists and train employees with a goal of ensuring compliance with the list.

> These procedures correspond with section 227(c)'s plain text, which provides for the creation of rules designed to "implement [ ] methods and procedures[,]" such as "electronic databases ... company-specific 'do-not-call' systems, and any other alternatives," that protect residential telephone subscribers' privacy rights. 47 U.S.C. §§ 227(c)(1)(A), (E).  * * *

* * *

12

After considering these divergent views, the court agrees with those courts holding that the FCC promulgated the relevant provisions of section 64.1200(d) under 47 U.S.C. § 227(c). The plain text of the procedures described in section 64.1200(d) corresponds with 47 U.S.C. § 227(c)'s requirements that the FCC promulgate rules to protect residential telephone subscribers' privacy rights. *See, e.g., Rosenberg*, 435 F. Supp. 3d at 324–25. Section 227(d)'s plain text, on the other hand, concerns standards governing "telephone facsimile machine[s,]" "automatic telephone dialing system[s,]" and other automated telemarketing devices. 47 U.S.C. § 227(d). Additionally, in contrast to the text of section 227(d), the text of 47 U.S.C. § 227(c) directs the FCC to, inter alia, "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish the purposes of this section." Id. § 227(c)(1)(E). Thus, the text of 47 U.S.C. §§ 227(c)(1)(E) and (d) supports the conclusion that the FCC promulgated 47 C.F.R. § 64.1200(d) under 47 U.S.C. § 227(c)(1)(E), not section 227(d).

*Fischman v.* Mediastratx, LLC, 2021 WL 3559639, *4-5 (E.D.N.C. Aug. 10, 2021 (footnote omitted). The court in *Callier v. Debt Mediators, LLC*, No. EP-21-cv-278, 2022 WL 1423622 (W.D. Tex. May 5, 2022), considered whether § 64.1200(d) was more related to protecting privacy rights or to the technical and procedural requirements imposed by statute on telemarketers with regard to certain types of equipment. *Id.* at *4. It concluded, as does the undersigned, that the regulation is more closely tied to § 227(c), because of its application to all telemarketers, not just those that use facsimile machines or automated dialing systems. *See also Hand v. Beach Entm't KC, LLC*, 456 F.Supp.3d 109, 1124-25 (W.D. Mo. 2020). Accordingly, Plaintiff may seek to recover for the alleged violation of § 64.1200(d) and the Motion to Dismiss is denied as to Count III.

For the reasons set forth herein, the Motion to Dismiss is held in abeyance with regard to Anthony Francisco, and the parties may conduct jurisdictional discovery to be completed not later than March 15, 2023. Not later than March 30, 2023, Plaintiff shall file

a supplemental response to the Motion to Dismiss limited to the issue of personal jurisdiction. Defendant may file a Reply thereto not later than April 13, 2023. Count II of the Complaint is dismissed with prejudice. The motion is denied as to Count III.

**IT IS SO ORDERED** this 3rd day of January 2023.

_David L. Russell_

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE