## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT H. BRAVER, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| CLEAR SKY FINANCIAL, LLC, a | ) |
| Florida limited liability company, CM | ) Civil Action No. 5:22-cv-00710-R |
| SOLUTIONS, an unregistered entity, and | ) |
| ANTHONY FRANCISCO, an individual | ) |
| | ) |
| *Defendants*. | ) |

### DEFENDANT ANTHONY FRANCISCO'S REPLY TO PLAINTIFF'S SUPPLEMENTAL RESPONSE TO MOTION TO DISMISS

Defendant, ANTHONY FRANCISCO ("FRANCISCO"), by and through his undersigned counsel, hereby files his Reply to Plaintiff ROBERT H. BRAVER's ("BRAVER") Supplemental Response [Doc No. 24] to Defendants' Motion to Dismiss [Doc No. 11] pursuant to Federal Rule of Civil Procedure 12, and states as follows:

### I.    Summary

Plaintiff continually conflates personal jurisdiction with liability. The two are not the same. Plaintiff argues over and over that FRANCISCO can be held liable for the alleged wrongful conduct through various theories of agency. Plaintiff ignores the crux of the issue: whether this Court has personal jurisdiction over FRANCISCO. It does not. Plaintiff may continue to argue FRANCISCO is liable for the alleged wrongdoings so long as it chooses the correct court within which to make those arguments. The United States District Court for the Western District of Oklahoma is not that court.

1

## II.    Procedural History

Defendant FRANCISCO filed a Motion to Dismiss Plaintiff's Complaint [Doc No. 11] with co-defendant CLEAR SKY FINANCIAL, LLC ("CLEAR SKY") on September 27, 2022. The Motion, in part, alleged Plaintiff has not met his burden to prove that this Court has personal jurisdiction over FRANCISCO in that Plaintiff's allegations were mere conclusions and not well pled facts. This Court agreed but allowed Plaintiff to engage in jurisdictional discovery [Doc No. 19].

Plaintiff did so and has filed his Supplemental Response [Doc No. 24] to the Defendant's Motion to Dismiss, to which FRANCISO now replies.

## III.    Relevant Allegations in Plaintiff's Complaint

It is important to note that Plaintiff has not amended his complaint. Thus, the relevant allegations for personal jurisdiction over FRANCISCO [Doc No. 1] remain the same and are as follows:

6.    Francisco is an individual residing in Florida. He is the sole managing member of Clear Sky.

9.    The Court has personal jurisdiction over the Defendants because they have engaged in business activities in and/or directed to this District and have purposefully availed themselves of the opportunity to conduct commercial activities in this forum. *World-Wide Volkswagen Corp v. Woodson*, 444 U.S. 286 (1980).

58.    Upon information and belief, FRANCISCO participated in or authorized the wrongful conduct complained of and is directly and personally liable for any violations resulting from that conduct.

59.    In the alternative, Francisco is vicariously liable for the conduct of his agents.

## IV.    Legal Standard

The Parties agree that general jurisdiction is not present and not at issue here. The focus of all arguments has been on specific jurisdiction, to which Plaintiff himself states the following:

> The analysis of specific personal jurisdiction is threefold. First, the defendant must have "purposefully directed [its] activities at residents of the forum." *Hood v. American Auto Care, LLC*, 21 F.4th 1216, 1221 (10th Cir. 2021) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174 (1985)). Second, the suit must "arise out of or relate to those activities." *Hood*, at 1221. Third, even if the first two requirements are met, the court may not exercise personal jurisdiction if the defendant presents a compelling case that doing so offends "traditional notions of fair play and substantial justice." *Burger King Corp.*, at 476-77.

See Doc No. 24, Page 3.

## V.    Even After Jurisdictional Discovery, the Court Lacks Personal Jurisdiction Over Francisco

FRANCISCO disagrees with Plaintiff that the third element cited above is "easy to satisfy" as Plaintiff claims [Doc No. 24, Page 3]. Certainly, if Plaintiff cannot prove the first element, that FRANCISCO "purposefully directed" his activities at residents of the forum, then it naturally follows that subjecting FRANCISCO to personal jurisdiction in this forum would offend the traditional notions of fair play and substantial justice.

Thus, it is on the first element that FRANCISCO will focus. Simply put, FRANCISCO did not purposefully direct his activities into the Western District of Oklahoma. FRANCISCO has affirmatively shown this through the jurisdictional discovery

propounded by Plaintiff. However, and importantly, it is not FRANCISCO's burden of proof. "Where the Court's jurisdiction over a defendant is contested, the plaintiff bears the burden of proving that jurisdiction exists." *Quill Ink Books Ltd. v. ABCD Graphics and Design, Inc.*, 361 F. Supp. 3d. 1153, 1156 (W.D. Okla. Feb. 13, 2019); *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074 (10th Cir.2004).

Plaintiff, without amending his Complaint, has seemingly rested on the personal jurisdiction allegations made therein and cited above. They were not enough to establish personal jurisdiction then and they are not enough now.

In his Supplemental Response, Plaintiff argues that FRANCISCO admits that he was the individual, on behalf of CLEAR SKY, that hired a third-party to create leads for CLEAR SKY and which said third-party ultimately called Plaintiff. Plaintiff then argues that this admission is clear evidence that the third-party was an agent of FRANCISCO. This is an unsupported leap of logic. FRANCISCO hired a third-party ***on behalf of Clear Sky*** [Doc No. 24-1, Page 5, ¶¶ 11 and 12]. Certainly, this could make the third-party an agent of CLEAR SKY. But at no point does this action somehow negate the existence of CLEAR SKY as an entity and make the third-party an agent of FRANCISCO.

Plaintiff then uses a second unsupported legal leap of logic that this alleged agency relationship between FRANCISO and the third-party is a sufficient basis for personal jurisdiction. Specifically, Plaintiff argues "long standing agency principles hold that he is liable for the conduct of his agents and, as such, their conduct can be imputed to him for purposes of establishing personal jurisdiction." See Doc No. 24, Page 4. This assertion is unsupported by case law cited in the remainder of Plaintiff's Supplemental Response. At

no point do any of the cases cited by Plaintiff explicitly equate an agency relationship to personal jurisdiction over an *individual Defendant who is otherwise shielded by a corporate veil*.

For example, Plaintiff cites *Mohon v. Agentra LLC*, 400 F.Supp.3d 1189 (D.N.M. 2019). The court in *Mohon*, like the Court here, allowed jurisdictional discovery to be conducted, reasoning that "[d]etermining that personal jurisdiction exists is a fact-intensive question turning on whether the Court deems an agency relationship to have existed." *Id* at 1241.

The *Mohon* matter included an individual Defendant, Tracyann Nicole Hamilton, who was alleged to have been the individual directly making the calls to Plaintiff. *Id* at 1200, 1201. *Mohon* did not involve a shielded individual of a corporate entity.

In fact, *Mohon* is instructive in this matter when it states

> The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavit. When, however, a defendant presents credible evidence through affidavits or other materials suggesting the absence of personal jurisdiction, the plaintiff must come forward with sufficient evidence to create a genuine dispute of material fact on the issue. Only if the plaintiff meets the obligation of contesting the credible evidence that the defendant presents does the court resolve the factual disputes in the plaintiff's favor.

*Id* at 1210 (internal citations omitted).

Additionally, *Mohon* states

> As the Tenth Circuit has further explained, because "mere foreseeability" is not sufficient to establish minimum contacts, a plaintiff "must establish . . . not only that defendants foresaw (or knew) that the effects of their conduct would be felt in the forum state, but also that defendants undertook intentional actions that were expressly aimed at that forum state.

*Id* at 1212 (citing *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d at 1077).

Here, FRANCISCO has directly controverted Plaintiff's allegations through sworn responses to interrogatories and his responses to Plaintiff's requests for admission. Plaintiff alleges that FRANCISCO "participated in or authorized the wrongful conduct" [Doc No. 1, ¶ 58]. FRANCISCO has directly refuted this claim in the following ways:

- CLEAR SKY does not engage in cold calling or initiating any outbound telemarketing calls. CLEAR SKY hires third party vendors to provide leads [Doc No. 24-1, ¶¶ 5 and 13].

- FRANCISCO did not direct the third-party vendor to make calls into Oklahoma and was not aware they were doing so [Doc No. 24-1, ¶¶ 11, 12, and 23].

- FRANCISCO did not make the decision for CLEAR SKY to contact Plaintiff or telemarket its goods or services to Plaintiff [Doc No. 24-2, ¶¶ 4 and 5].

Plaintiff has not contested the above credible evidence. Thus, this Court cannot resolve any factual disputes in Plaintiff's favor.

Additionally, Plaintiff himself demonstrates that Defendant CLEAR SKY attempted to identify any non-TCPA compliant leads sent to them. Plaintiff argumentatively characterizes it as CLEAR SKY asking Plaintiff to "falsely confirm that he was not contacted by automated call, prerecorded messages, or any other method that was not compliance with the TCPA" [Doc No. 1, ¶ 51]. The truth is, CLEAR SKY was, in good faith, attempting to determine if there was any issue with the way in which a lead had arrived on their doorstep. Plaintiff simply lied in response.

Thus, it is clear by the evidence presented that FRANCISCO did not participate in or authorize any wrongful conduct, as alleged in Plaintiff's Complaint.

Plaintiff then cites to two cases that have nothing to do with challenges to personal jurisdiction, *Master Commodities, Inc. v. Tex. Cattle Mgmt. Co.*, 586 F.2d 1352 (10th Cir. 1978) and *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292 (D. Nev. 2014). These cases deal with agency relationships, but not in the context of personal jurisdiction. In the interest of expediency, these cases will be ignored so that Plaintiff's next cited case can be examined.

*Mestas v. CHW Grp. Inc.*, 508 F. Supp. 3d 1011 (D.N.M. 2020) does indeed deal with personal jurisdiction. Plaintiff claims the case stands for the proposition that an agency relationship equals specific personal jurisdiction. It does not.

In fact, applying *Mestas* to the case at bar favors Defendant. In *Mestas*, Plaintiff brought an action against both the corporate defendant, CHW and an individual officer, Mandalawi. Plaintiff in that case made the following specific allegations:

> CHW and Mandalawi, who "controls and dominates CHW," "authorized" the telemarketing calls to Plaintiff, "directly or indirectly controlled" the persons who actually initiated those calls, "allowed the telemarketers" to access "information and operating systems within [their] control for the purposes of selling goods and services," and to "enter consumer information into [CHW's] sales, dialing or operational systems," and approved, wrote, or reviewed" the script used by the telemarketers during those calls. Specifically, "Jane Does" initiated the calls to Plaintiff pursuant to a "contract or agreement [with] CHW," the terms of which, including payments and compensation to the telemarketers, "Mandalawi approved." Further, Mandalawi personally approved the telemarketers' script and use of the name "Support First" during the calls.

*Id* at 1017-18 (internal citations omitted).

Clearly, the allegations in *Mestas* are specific and fact intensive. No such allegations exist in Plaintiff's Complaint in the current matter. The court in Mestas ultimately found

Plaintiff had alleged sufficient facts to allow the court to find specific personal jurisdiction over the individual Defendant, Mandalawi.

The Mestas court rejected Mandalawi's contention that it should follow the holdings of three specific cases, *Cunningham v. Local Lighthouse Corp.*, No. 16-cv-2284, 2017 U.S. Dist. LEXIS 148396, 2017 WL 4053759, at *3 (M.D. Tenn. Aug. 7, 2017); *Childress v. Deering*, No 18-cv-455, 2019 U.S. Dist. LEXIS 14789, 2019 WL 409825, at *5 (D.N.M. Jan. 29, 2019), and *Arnold v. Grand Celebration Cruises, LLC*, No. 17-cv-685, 2017 U.S. Dist. LEXIS 130302, 2017 WL 3534996, at *4 (D.N.M. Aug. 16, 2017). These cases all found Plaintiff failed to establish specific personal jurisdiction over an individual defendant. *Id* at 1020. Importantly, these three cases all included evidentiary support for the individual defendants' contentions that the court lacked personal jurisdiction.

The *Mestas* court found

In contrast, Defendants here have not submitted an affidavit or other written materials to controvert any of the factual allegations in the Amended Complaint. Thus, the jurisdictional findings in Cunningham, Childress, and Arnold are of little persuasive value here. Unlike the courts in each of those cases, this Court must accept as true Plaintiff's well-pled allegations that connect Mandalawi to the calls to Plaintiff and construe them in the light most favorable to Plaintiff.

*Id*.

Thus, Mestas proves that FRANCSICO's inclusion of specific written testimony through his responses to interrogatories and requests for admission more closely follow the fact patterns of *Cunningham*, *Childress*, and *Arnold* and make *Mestas* inapposite.

Finally, Plaintiff goes on to cite a slew of additional cases that all involve personal liability but have nothing to say whatsoever about personal jurisdiction. See *Texas v. Am.*

8

*Blast Fax, Inc.*, 164 F. Supp. 2d 892 (W.D. Tex. 2001); *Physicians Healthsource, Inc. v. A-S Medication Sols.*, LLC, 324 F. Supp. 3d 973 (N.D. Ill. 2018); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408 (D. Md. 2011); and *Versteeg v. Bennett, DeLoney & Noyes, P.C.*, 775 F. Supp. 2d 1316 (D. Wyo. 2011).

## VI.    Conclusion

For the reasons outlined above and in Defendants' Motion to Dismiss, Plaintiff has failed to establish personal jurisdiction over Defendant ANTHONY FRANCISCO. Defendant ANTHONY FRANCISCO respectfully requests this Honorable Court grant his Motion, dismissing FRANCISCO from this action with prejudice, and for any other relief deemed just and honorable.

Dated: August 16, 2023

Respectfully submitted,

/s/ *James A. Peterson*
James A. Peterson, Esq.*
Florida Bar No. 645621
PETERSON LEGAL P.A.
5079 North Dixie Highway
Suite 105
Oakland Park, Florida 33334
James@PetersonLegal.com
*Admitted Pro Hac Vice

-and-

Patrick H. Lane, OBA #30885
Jordan M. LePage, OBA #32446
Grant P. Scowden, OBA #34227
BALL | MORSE | LOWE
531 Couch Drive, Suite 201
Oklahoma City, OK 73102
Phone: (405)701-5355
Fax: (405)701-2830
Email: plane@bml.law
Email: jlepage@bml.law
Email: gscowden@bml.law

***Attorneys for Defendants,***
***Clear Sky Financial, LLC and***
***Anthony Francisco***

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2023, a true and correct copy of the above and foregoing instrument was served electronically using the CM/ECF System on the following:

| | |
|---|---|
| Evan Humphreys<br>The Law Office of Evan Humphreys, PLLC<br>evan@guymonattorney.com<br><br>*and* | David Humphreys<br>Luke Wallace<br>Paul Catalano<br>Humphreys Wallace Humphreys, P.C.<br>david@hwh-law.com<br>luke@hwh-law.com<br>paul@hwh-law.com<br>***Attorneys for Plaintiff*** |

/s/ James *A. Peterson*
James A. Peterson, Esq.

10