IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT H. BRAVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-22-710-R |
| | ) | |
| CLEAR SKY FINANCIAL, LLC, | ) | |
| a Florida Limited Liability Company; | ) | |
| CM SOLUTIONS, an unregistered entity; | ) | |
| and ANTHONY FRANCISCO, | ) | |
| an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Anthony Francisco's Motion to Dismiss [Doc. No. 11], which seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. The Court previously directed the parties to engage in limited jurisdictional discovery on this issue. *See* Order of Jan. 3, 2023 [Doc. No. 19]. The discovery has been completed and the parties have filed supplemental briefing [Doc. Nos. 24, 25]. Accordingly, the motion is now ripe for disposition.

This action involves alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the Oklahoma Consumer Protection Act, Okla. Stat. tit. 15, § 753. The Complaint alleges that Plaintiff was contacted via prerecorded telephone call, the call stated that he was approved for debt elimination, he was transferred to a series of people during the call, and the call culminated in a conversation with an individual claiming to be

from the verification department of Clear Sky Financial, LLC. Compl. ¶¶ 23-55. As Plaintiff describes it,

> [a]t the beginning of the unsolicited, automated call, Defendants stated that Braver had already been approved for the complete elimination of his credit card debt and that this service would not cost him a dime. By the end, Defendants had charged him $7,000 and only promised to educate him about their idiosyncratic view of the U.S. financial system.

*Id.* at ¶ 60. Plaintiff seeks to hold Defendant Anthony Francisco, the sole managing member of Clear Sky, responsible for this conduct. Mr. Francisco argues that the Court lacks personal jurisdiction over him and he must therefore be dismissed.

"Personal jurisdiction over nonresident defendants is proper if an applicable statute authorizes service of process and if the exercise of jurisdiction comports with constitutional due process." *Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1220 (10th Cir. 2021). The TCPA does not address service of process but the Federal Rules of Civil Procedure incorporate Oklahoma's long-arm statute, which is coextensive with the limits of the Due Process Clause. *Id.*; *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) (citing Okla. Stat. tit. 12, § 2004(F)).

"The Fourteenth Amendment's Due Process Clause limits the jurisdiction of a state court over a nonresident defendant by requiring that it have 'certain minimum contacts' with the forum State to assure 'that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Hood*, 21 F.4th at 1221 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Although personal jurisdiction may be general or specific, Plaintiff limits his argument to specific jurisdiction. "The minimum contacts test for specific personal jurisdiction has two requirements: (1) a defendant must have

purposefully directed its activities at residents of the forum state, and (2) the plaintiff's injuries must arise out of the defendant's forum-related activities." *Dental Dynamics,* 946 F.3d at 1229 (internal quotation marks and footnote omitted). At this preliminary stage, the plaintiff bears the burden of making a prima facie showing of personal jurisdiction. *Id.* at 1228; *see also AST Sports Sci., Inc. v. CLF Distribution Ltd.,* 514 F.3d 1054, 1057 (10th Cir. 2008).

Plaintiff argues that Mr. Francisco is subject to personal jurisdiction in Oklahoma because there is an agency relationship between him and the vendor that made the offending calls. A defendant may indeed be "vicariously liable for violations of the TCPA where common law principles of agency would impose it." *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018). But that does not eliminate the personal jurisdiction analysis. Plaintiff must still show that Mr. Francisco, as opposed to Clear Sky, purposefully directed his activities at Oklahoma by, for example, personally engaging in the calls, orchestrating the calls, or exercising some level of control over the vendor that made the calls. *See Application to Enforce Admin. Subpoenas Duces Tecum of S.E.C. v. Knowles*, 87 F.3d 413, 418 (10th Cir. 1996) ("[E]mployees of a corporation that is subject to the personal jurisdiction of the courts of the forum may themselves be subject to jurisdiction if those employees were primary participants in the activities forming the basis of jurisdiction over the corporation."); *Doyle v. JTT Funding, Inc.*, 2019 WL 13037025, at *9 (C.D. Cal. Dec. 2, 2019) ("Individual officers of an entity violating the TCPA can be personally liable" where the individual "had direct, personal participation in or personally authorized the conduct found to have violated the statute") (quotation omitted).

3

To show that Mr. Francisco has sufficient minimum contacts with Oklahoma, Plaintiff relies on the following facts established through discovery: Mr. Francisco is the sole managing member of Clear Sky, he oversees Clear Sky's business, and he personally made the decision for Clear Sky to hire a third-party vendor to provide TCPA compliant leads. Mr. Francisco's verified discovery responses also indicate that Clear Sky does not initiate outbound telemarketing calls, Mr. Francisco did not direct the vendor to make calls into Oklahoma and was not aware they were doing so, and Mr. Francisco did not make the decision to contact Plaintiff. The Court concludes that, even with the benefit of jurisdictional discovery, Plaintiff has failed to make a prima facia showing of personal jurisdiction over Mr. Francisco. A few examples are instructive.

In *Mestas v. CHW Grp. Inc.*, 508 F. Supp. 3d 1011, 1020 (D.N.M. 2020), the court held that a corporate officer in a TCPA case had sufficient minimum contacts with the forum state where the plaintiff's unconverted allegations established that the officer controlled the company, authorized the telemarketing calls to the plaintiff, directly or indirectly controlled the persons who actually initiated the calls, allowed the telemarketers to access the company's operational systems, approved contractual terms outlining the telemarketers compensation, and personally approved the telemarketers script during the calls. At the other end of the spectrum, the court in *Visser v. Caribbean Cruise Line, Inc.*, No. 1:13-CV-1029, 2020 WL 415847, at *5 (W.D. Mich. Jan. 27, 2020), dismissed a corporate officer in a TCPA case for lack of personal jurisdiction where the plaintiff alleged that the defendant "caused" the offending calls but the defendant provided an affidavit stating that he did not place or direct anyone to place the calls. Similarly, in *Cunningham*

4

*v. Loc. Lighthouse Corp.*, No. 3:16-CV-02284, 2017 WL 4053759, at *3 (M.D. Tenn. Aug. 7, 2017), report and recommendation adopted, No. 3:16-CV-02284, 2017 WL 4022996 (M.D. Tenn. Sept. 13, 2017) the court found personal jurisdiction against corporate officers lacking where the plaintiff alleged in conclusory fashion that the individuals caused the calls to be made but the defendants provided an affidavit stating they never personally directed any calls to the plaintiff.

The record in this case is more like *Visser* and *Cunningham* than *Mestas.* Although Mr. Francisco oversees Clear Sky's business and he personally hired the vendor that made the calls, there are no facts showing that Mr. Francisco was personally involved in placing the calls, authorizing the calls, supervising the vendor's activities, crafting scripts for the calls, or ratifying the vendor's conduct. Further, like in *Visser* and *Cunningham*, Mr. Francisco has provided verified (and uncontroverted) discovery responses stating that he did not direct the vendor to make any calls to Oklahoma and was not aware they were doing so. Plaintiff has not shown that Mr. Francisco purposefully directed any activities at Oklahoma and Mr. Francisco therefore lacks the minimum contacts with Oklahoma necessary for a finding of personal jurisdiction.[1]

---

[1] Given this conclusion, there is no need to analyze whether the claims arise out of the defendant's activities with the forum state or comport with traditional notions of fair play and substantial justice. *See Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 915 (10th Cir. 2017) ("Because we hold that Old Republic's personal jurisdiction argument fails under the first step of the minimum contacts analysis—purposeful direction—we need not reach step two—whether Old Republic's claim arises out of the minimum contacts.").

The Court finds that Plaintiff has not met his burden of establishing personal jurisdiction over Mr. Francisco. Defendant Francisco's Motion to Dismiss [Doc. No. 11] is granted in this regard and Mr. Francisco is dismissed for lack personal jurisdiction.

IT IS SO ORDERED this 23rd day of August 2023.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE