## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT H. BRAVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. CIV-22-710-R |
| | ) |
| CLEAR SKY FINANCIAL, LLC, | ) |
| a Florida Limited Liability Company. | ) |
| | ) |
| Defendant. | ) |

## <u>ORDER</u>

Before the Court is Plaintiff's Motion for Summary Judgment [Doc. No. 41]. Defendant Clear Sky Financial, LLC, did not file a response in the time set by LCvR7.1. Additionally, Defendant failed to comply with the Court's March 21, 2024 order [Doc. No. 36] instructing it to retain counsel and failed to respond to the Court's June 27, 2024 show cause order [Doc. No. 42]. *See* LCvR17.1 ("Parties who are not natural persons may not appear pro se.").

Accordingly, pursuant to Fed. R. Civ. P. 56(e) and LCvR56.1(e), the Court considers all material facts presented in support of Plaintiff's Motion as undisputed. However, even in the absence of a response by the nonmoving party, the Court has an independent duty to determine whether summary judgment is warranted. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1200 (10th Cir. 2002); *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002). Pursuant to Rule 56(a), the Court is required to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and

that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Applying this standard, the Court finds that Plaintiff's motion should be granted in part.

This action involves alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the Oklahoma Consumer Protection Act, Okla. Stat. tit. 15, §§ 751 *et seq*. Plaintiff's undisputed facts show that he received numerous prerecorded telephone calls on his landline and cell phone purporting to be "Sarah from Discover" or "Sarah Lawson from the Department of Visa/Mastercard." To determine who was making the calls, Plaintiff answered one of the calls and a prerecorded message stated that he was approved for debt elimination. The call was eventually transferred to a series of live people who at various times requested Plaintiff's social security number and financial information, offered an increasingly convoluted explanation of Defendant's purported debt elimination program, and confusingly stated that they were from different entities, including the security department of the credit bureau Experian, an entity called the Fair Credit Act Association, and the verification department of Defendant Clear Sky Financial.

Plaintiff's Complaint asserts that these calls violated the Telephone Consumer Protection Act and/or its implementing regulations in various ways. Plaintiff's first claim is based on section 227(b)(1) of the TCPA, which makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party" or to make any call

"using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a…cellular telephone service."[1]

Plaintiff's undisputed facts show that Defendant's vendor[2] initiated calls to Plaintiff using a prerecorded message and Plaintiff did not provide his prior express written consent for the calls. Plaintiff's undisputed facts further show that he received 17 of the prerecorded calls to his landline telephone and 2 prerecorded calls to his cellular telephone. Accordingly, Plaintiff has established that Defendant violated § 227(b)(1) and Plaintiff is entitled to summary judgment on claim 1.

In claim 3, Plaintiff asserts that Defendant violated 47 C.F.R. § 64.1200(d), which provides that "[n]o person or entity shall initiate … any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity."[3] The regulation requires, at minimum, that the following procedures be in place: a written policy for maintaining a do-not-call list, training in the existence and

---

[1] There are no facts suggesting that any of the exceptions or exemptions outlined in the statute or regulations are applicable here.

[2] As Plaintiff explains in his brief, a seller may be held vicariously liable under common law agency principles for a TCPA violation by a third-party telemarketer. *Braver v. NorthStar Alarm Servs., LLC*, No. CIV-17-0383-F, 2019 WL 3208651, at *7 (W.D. Okla. July 16, 2019). Here, Plaintiff has introduced sufficient evidence to show that Defendant ratified the conduct of its vendor and is therefore vicariously liable for the violations.

[3] "Telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(13). Plaintiff has adequately shown that the calls meet this definition.

use of the do-not-call list, recording of any request to be placed on the do-not-call list, and identification of the individual caller. *Id.* at § 64.1200(d)(1)-(4).[4]

Plaintiff contends that the repeated nature of the calls demonstrates that Defendant did not have a written policy or training regarding the existence and use of the do-not-call list. Plaintiff further notes that the prerecorded calls do not truthfully identify on whose behalf the call was being made, that one of the live persons he spoke to admitted that he was contacted by a prerecorded call, and that another person asked Plaintiff to falsely state that he was not contacted by a prerecorded call or any other method that violated the TCPA. These undisputed facts are sufficient to show that Defendant violated 47 C.F.R. § 64.1200(d) by failing to institute the required procedures. Plaintiff is therefore entitled to summary judgment on this claim.

Plaintiff's final TCPA claim asserts that Defendant violated 47 C.F.R. § 64.1200(c)(2), which provides that ""[n]o person or entity shall initiate any telephone solicitation to…[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone

---

[4] "There is a wide but fairly even split of authority" as to whether violations of 47 C.F.R. § 64.1200(d) "are even actionable." *Robison v. 7PN, LLC*, 569 F. Supp. 3d 1175, 1183 (D. Utah 2021). The issue turns on whether 47 C.F.R. § 64.1200(d) was promulgated under section 227(c) of the TCPA, which provides a private right of action, or section 227(d) of the TCPA, which does not. *Id*. However, as detailed in its order of January 3, 2023 [Doc. No. 19], this Court "agrees with the majority of courts, including sister courts in the Tenth Circuit," finding that "Section 64.1200(d) violations are actionable through Section 227(c)'s private right of action." *Van Baalen v. Mut. of Omaha Ins. Co.*, No. 1:23-CV-00416-DHU-SCY, 2024 WL 1578897, at *9 (D.N.M. Apr. 11, 2024).

solicitations that is maintained by the Federal Government."[5] Plaintiff's undisputed facts show that both his residential and cellular telephone were registered on the federal do-not-call list when Defendant initiated the telephone calls. Plaintiff has therefore established that Defendant violated 47 C.F.R. § 64.1200(c)(2) and Plaintiff is entitled to summary judgment on claim 4.

As Plaintiff notes, the TCPA provides that a plaintiff may seek both injunctive relief and monetary damages:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
>
>> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>> (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3)(B). *See also id.* at § 227(c)(5). Here, Plaintiff requests an order enjoining Defendant from further TCPA violations, $500 in damages for each violation,[6]

---

[5] Again, there are no facts suggesting that any of the defenses or exceptions to this regulation are applicable.

[6] A person may recover separate statutory damages under both section 227(b)(1)(B) and section 227(c)(5) even if the violations occurred in the same call. *Mohon v. Nat'l Cong. of Emps., Inc*., No. 119CV00652KWRJHR, 2021 WL 601816, at *2-3 (D.N.M. Feb. 16, 2021). However, statutory damages for multiple violations of section 227(c) are awarded on a per call basis only. *Id.*

and treble damages. To show that Defendant's action were willful or knowing, Plaintiff points to evidence showing that Defendant's sole member had been involved in a prior lawsuit based on the same or similar prerecorded messages used in this case, one of the agents Plaintiff spoke to admitted that a prerecorded call was used, and a separate agent asked Plaintiff to falsely state that a prerecorded call was not used. Given these undisputed facts, the Court finds that Defendant should have known that its conduct might violate the TCPA and treble damages are therefore warranted.

Based on the provisions of the statute and undisputed facts, the Court finds that Plaintiff is entitled to injunctive relief and $57,000 in statutory damages, broken down as follows: $1500 for each of the 19 calls that violated section 227(b)(3), for a total of $28,500 and $1500 for each of the 19 calls that violated section 227(c), including the violations of 47 C.F.R. § 64.1200(c) and 47 C.F.R. § 64.1200(d).

In addition to the TCPA violations outlined above, Plaintiff also seeks summary judgment on various claims brought under state law. In claims 5, 7, and 8, Plaintiff asserts that Defendant violated the Oklahoma Consumer Protection Act by using an automatic dialing system, *see* Okla. Stat. tit. 15, § 755.1(C); violated Oklahoma's unlawful telemarketing practices statute by using equipment or techniques which intentionally block the seller's identity, *see id.* at § 775A.4; and violated Oklahoma's Telemarketer Restriction Act by making unsolicited telemarketing calls to a phone number listed in Oklahoma's do-not-call registry, *see id.* at § 775B.6(a). Both the unlawful telemarketing statute and the Telemarketer Restriction Act provide that violations of the statute are violations of the Oklahoma Consumer Protection Act. *Id.* at § 775A.4(D); § 775B.6(B).

6

The OCPA provides a private right of action to consumers where they can show "(1) that the defendant engaged in an unlawful practice as defined [by the statute]; (2) that the challenged practice occurred in the course of defendant's business; (3) that the plaintiff, as a consumer, suffered an injury in fact; and (4) that the challenged practice caused the plaintiff's injury. *Patterson v. Beall*, 19 P.3d 839, 846 (Okla. 2000). However, the OCPA also exempts from its coverage "[a]ctions or transactions regulated under laws administered by…any other regulatory body or officer acting under statutory authority of…the United States." Okla. Stat. tit. 15, § 754(2). Relying on this exemption, a court in the Norther District of Oklahoma dismissed an OCPA claim premised on the use of an autodialing system because the FCC regulates this conduct and a consumer has a private right of action via the TCPA to redress the alleged wrong. *Salmon v. CRST Expedited, Inc.*, No. 14-CV-0265-CVE-TLW, 2015 WL 1395237, at *6 (N.D. Okla. Mar. 25, 2015). Plaintiff does not make any effort to address this exemption or explain why it does not apply to these particular claims, which appear to be based on substantially the same conduct that forms the basis of his TCPA claims. Plaintiff also fails to adequately address the differing definitions, requirements, and exceptions contained in the various statutes. Given the lack of briefing on these issues, the Court is not persuaded that Plaintiff is entitled to judgment as a matter of law on claims 5, 7, and 8.

Plaintiff's remaining state law claim asserts that Defendant violated the OCPA's prohibition on engaging in unfair and deceptive trade practices, which is defined as engaging in a practice that "could reasonably be extend to deceive or mislead a person." Okla. Stat. tit. 15, §§ 752(13); 753(21). Plaintiff's undisputed facts show that Defendant

repeatedly misrepresented its identity during the calls and falsely advertised that it was offering total debt elimination.[7] Plaintiff has also pointed to undisputed evidence showing that he suffered lost wages in the amount of $20.00 as a result of answering the call. Plaintiff is therefore entitled to summary judgment on Claim 6 and actual damages in the amount of $20.00, plus reasonable attorney's fees and costs. *See* Okla. Stat. tit. 15, § 761.1(A) (providing that aggrieved consumer may recover "the payment of actual damages sustained by the customer and costs of litigation including reasonable attorney's fees").

Accordingly, as set out above, Plaintiff's Motion for Summary Judgment is GRANTED in part. Plaintiff is entitled damages in the amount of $57,020 for claims 1, 3, 4, and 6[8] and an order enjoining Defendant from utilizing prerecorded messages in contravention of the TCPA, initiating telemarketing calls without implementing the standards required by 47 CFR § 64.1200(d), or contacting numbers on the Do-Not-Call Registry. The Court declines to enter summary judgment on Counts 5, 7, and 8. Plaintiff is directed to notify the Court within 14 days as to whether he will pursue these claims or seek dismissal of the claims.

---

[7] Because this claim is premised on Defendant's misrepresentation of its identity and the services it was offering, as opposed to its use of equipment or conduct that appears to be regulated by the TCPA, and in the absence of any response from Defendant, the Court will not assume that the exemption outlined in § 754(2) applies to this claim.

[8] Claim 2 was previously dismissed.

IT IS SO ORDERED this 18th day of July, 2024.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE